**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**BOARD OF TRUSTEES OF**
**THE IBEW LOCAL 43**
**ELECTRICAL CONTRACTORS**
**HEALTH AND WELFARE AND**
**PENSION FUNDS,**

                     Plaintiff,                5:12-cv-1251
                                                 (GLS/ATB)

         v.

**D'ARCANGELO & CO., LLP,**

                     Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Smith, Sovik Law Firm | STEVEN W. WILLIAMS, ESQ. |
| 250 South Clinton Street | |
| Suite 600 | |
| Syracuse, NY 13202-1252 | |
| **FOR THE DEFENDANT:** | |
| Hurwitz, Fine Law Firm | ANDREA SCHILLACI, ESQ. |
| 1300 Liberty Building | |
| 424 Main Street | |
| Buffalo, NY 14202 | |

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Board of Trustees of the IBEW Local 43 Electrical Contractors Health and Welfare and Pension Funds ("the Board") commenced this action against defendant D'Arcangelo & Co., LLP asserting six claims related to auditing and accounting services provided by the latter to the former. (*See* Am. Compl., Dkt. No. 1, Attach. 3 ¶¶ 4, 31-75.)[1] Pending is D'Arcangelo's motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (*See* Dkt. No. 4.) For the reasons that follow, the motion is granted.

## II. Background

### A. Facts[2]

In September 2007, the Board contracted with D'Arcangelo, a public accounting firm, to audit the Health and Welfare, and Pension Funds ("the Funds") under an "Auditing Services Agreement" ("the Agreement"). (Am. Compl. ¶¶ 3-4.) The parties operated under the Agreement from 2007 to 2011, and, during the same time period, the Funds "invested monies and/or

---

[1] The Health and Welfare, and Pension Funds are "multiemployer plans" as that term is defined in 29 U.S.C. § 1002(37)(A). (*See* Am. Compl. ¶ 1.)

[2] The facts are drawn from the Board's Amended Complaint and presented in a light most favorable to it.

2

assets directly or indirectly through Bernard Madoff and/or Bernard L. Madoff Investment Securities, LLC [(BMIS)] (hereinafter collectively referred to as 'Madoff'), his agent, employee or representative and/or allowed Madoff, his agent, employee or representative to invest the Funds' monies and/or assets."  (*Id.* ¶¶ 5-6.)

D'Arcangelo's duties as auditor included confirming "the existence and valuation of the Funds' investments, including investments made with an investment company owned and/or controlled by Bernard L. Madoff, as well as its investments with 'feeder funds' known as Beacon Andover Group, Beacon Associates LLC I and Beacon Associates LLC II (hereinafter collectively referred to as 'Beacon')."  (*Id.* ¶ 12.)  However, D'Arcangelo failed to conform to the Generally Accepted Auditing Standards (GAAS), and, as a result, failed to "identify and/or confirm the existence and valuation of the Funds' investments." (*Id.* ¶ 13.)  Among the shortcomings of D'Arcangelo in meeting minimum professional standards was its failure to properly apprise itself with necessary information—*e.g.*, Statements of Auditing Standards (SAS) 70 reports for BMIS or Beacon—for assessing the Funds' financial statements.  (*See id.* ¶¶ 14-21.)  If D'Arcangelo had complied with the GAAS, as it represented it did,

3

"its audit reports would have, at the very least, cast doubt on the Fund[s'] financial statements and thereby would have caused [the Board] to redeem its investments made with BMIS's and/or the aforementioned feeder funds at a time when redemption was still possible."  (*Id.* ¶¶ 23, 49.)

**B.    Procedural History**

The Board commenced this action in Supreme Court in Onondaga County by filing a Complaint on July 9, 2012.  (*See* Dkt. No. 1, Attach. 2.)  The Board filed amended pleadings soon afterward, alleging six claims.  (*See* Am. Compl.)  Those claims consist of: (1) "professional negligence and/or malpractice"; (2) breach of contract; (3) fraud; (4) negligent misrepresentation; (5) breach of fiduciary duty; and (6) constructive fraud based upon the aforementioned negligent misrepresentation and breach of fiduciary duty.  (*Id.* ¶¶ 31-75.)  D'Arcangelo removed the action, claiming federal question jurisdiction because the breach of contract claim arises under the Employee Retirement Income Security Act of 1974 (ERISA),[3] (*see* Dkt. No. 1 ¶¶ 9-11; Am. Compl. ¶¶ 37-44), and, thereafter, filed the instant pre-answer motion to dismiss the Amended Complaint, (*see* Dkt. No. 4, Attach. 11).

---

[3] *See* 29 U.S.C. § 1001-1461.

4

### III. Standard of Review

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here. For a full discussion of the standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

### IV. Discussion

D'Arcangelo argues that the Amended Complaint should be dismissed in its entirety; however, if the ERISA-related breach of contract claim is dismissed, thereby extinguishing federal question jurisdiction, it contends that the court should retain supplemental jurisdiction of any surviving state law claims. (*See* Dkt. No. 4, Attach. 11 at 8-25.) The Board, which generally opposes dismissal, is silent on whether the court should retain supplemental jurisdiction if only state claims survive. (*See* Dkt. No. 6 at 5-25.)

Where, as here, separately pleaded claims are based upon the same operative facts and do not allege distinct damages, the duplicative claims should be dismissed. *See Matsumura v. Benihana Nat'l Corp.*, 465 F. App'x 23, 29 (2d Cir. 2012); *DiTondo v. Meagher*, 85 A.D.3d 1385, 1385 (3d Dep't 2011); *Mecca v. Shang*, 258 A.D.2d 569, 570 (2d Dep't 1999);

5

*but see Saveca v. Reilly*, 111 A.D.2d 493, 494-95 (3d Dep't 1985) (explaining that breach of contract claims are not duplicative of malpractice where, among other things, the professional fails to perform a specifically undertaken task).  Despite the panoply of arguments made in support of dismissal, at a minimum, the Board's claim for breach of contract must be dismissed as duplicative of its claim for malpractice.[4]  Indeed, a fair reading of the Amended Complaint demonstrates that this action is entirely directed at recovery for a claimed failure of D'Arcangelo to conduct its audit in accordance with the GAAS, thereby preventing the Board from avoiding a loss on its investments.  (*See generally* Am. Compl. ¶¶ 4-30.)

Turning to the question of whether the court should retain jurisdiction of the state law claims under 28 U.S.C. § 1367, "[a]lthough a federal court has discretion to retain jurisdiction over state law claims after the dismissal of the federal claims that created original jurisdiction, 'where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims.'"  *Clark v. Dominique*, 798 F. Supp. 2d 390, 408 (N.D.N.Y. 2011)

---

[4] The Board admits that the "same factual allegations" underpin its breach of contract, fraud, negligent misrepresentation, breach of fiduciary duty, and constructive fraud claims.  (Dkt. No. 6 at 22.)

6

(quoting *Klein & Co. Futures, Inc. v. Bd. of Trade of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006)).  While the court recognizes the parties' efforts to date, this action is in its infancy.  Indeed, an answer has not been filed, nor has discovery begun.  Thus, the court declines to exercise supplemental jurisdiction of the remaining claims and does not pass on the timeliness or merits of them.

## V. <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that D'Arcangelo's motion to dismiss (Dkt. No. 4) is **GRANTED** and all claims are **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

December 21, 2012
Albany, New York

*[Signature]*
Gary L. Sharpe
Chief Judge
U.S. District Court

7